**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4381**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

WILLIAM DAVID POPE,

              Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.    Richard L. Voorhees, District Judge.  (5:15-cr-00047-RLV-DCK-1)

Submitted:  December 22, 2016        Decided:  February 9, 2017

Before TRAXLER, KEENAN, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James S. Weidner, Jr., LAW OFFICE OF JAMES S. WEIDNER, JR., Charlotte, North Carolina, for Appellant.  Jill Westmoreland Rose, United States Attorney, Elizabeth M. Greenough, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William David Pope pled guilty, without a written agreement, to possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) (2012). In calculating Pope's Sentencing Guidelines range, the presentence report included as relevant conduct methamphetamine and firearms seized from an incident for which Pope was indicted but did not plead guilty.* Over Pope's objections, the district court adopted the PSR and sentenced him to 121 months in prison, a term at the low end of the Guidelines range. Pope now appeals, challenging the calculation of drug quantity under U.S. Sentencing Guidelines Manual § 2D1.1(c), Notes to Drug Quantity Table, (A) (2015), and the application of an enhancement for the possession of firearms under USSG § 2D1.1(b)(1). We affirm.

We review a district court's legal conclusions at sentencing de novo and its factual findings for clear error. United States v. Gomez-Jimenez, 750 F.3d 370, 380 (4th Cir. 2014). "Under this clear error standard, we will reverse the district court's finding only if we are left with the definite and firm conviction that a mistake has been committed." United

---

* The district court dismissed that charge and others on the Government's motion.

2

States v. Crawford, 734 F.3d 339, 342 (4th Cir. 2013) (internal quotation marks omitted). In resolving factual disputes, a "sentencing court may give weight to any relevant information before it, . . . provided that the information has sufficient indicia of reliability to support its accuracy." Gomez-Jimenez, 750 F.3d at 380; see United States v. McDowell, 745 F.3d 115, 120 (4th Cir. 2014) (affording "considerable deference to a district court's determinations regarding the reliability of information in a PSR").

Upon our review of the record and the parties' arguments, we conclude that Pope has not made a sufficient showing to demonstrate that the district court clearly erred in calculating his Guidelines range. See Crawford, 734 F.3d at 342; United States v. Manigan, 592 F.3d 621, 626 (4th Cir. 2010). Drug quantities may be determined based on relevant conduct. USSG § 2D1.1 cmt. n.5. The evidence from the June 10 incident was sufficiently connected to the offense to which Pope pled guilty. See United States v. McVey, 752 F.3d 606, 610 (4th Cir. 2014) (identifying factors to consider when determining sufficient connection of offenses). Pope further did not meet his burden of establishing that it was clearly improbable that the firearms seized on June 10 were not connected with the offense. See United States v. Slade, 631 F.3d 185, 189 (4th Cir. 2011) (defendant has burden of establishing clear improbability).

Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED
